IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CONNDA L. PIERCE, | 6:14-CV-00854-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN,<br>Commissioner, Social Security<br>Administration, | |
| Defendant. | |

KATHRYN TASSINARI
MARK A. MANNING
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

       Attorney for Plaintiff

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
Acting United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**DAVID J. BURDETT**
Special Assistant United States Attorney
701 Fifth Avenue
Suite 2900 M/S 221A
Seattle, WA 98104-7075
(206) 615-2522

    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Connda L. Pierce seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed applications for DIB and SSI on December, 19, 2011, and alleged a disability onset date of

2 - OPINION AND ORDER

January 1, 2006. Tr. 226, 240.[1] Plaintiff's applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 8, 2013. Tr. 40. At the hearing Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On November 27, 2013, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 10-33. On March 26, 2014, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. See *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on May 18, 1957. Tr. 72. Plaintiff was 56 years old at the time of the hearing. Plaintiff has a college education. Tr. 46. The ALJ found Plaintiff has past relevant work experience as a teacher. Tr. 65.

Plaintiff alleges disability due to fibromyalgia, migraine headaches, Reynaud's Syndrome, emphysema, fractured left hip, chronic extreme bone and joint pain, scoliosis, osteoporosis, and vision problems. Tr. 72.

Except when noted, Plaintiff does not challenge the ALJ's

---

[1] Citations to the official transcript of record filed by the Commissioner on November 13, 2014, are referred to as "Tr."

3 - OPINION AND ORDER

summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. See Tr. 18-24.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). See also *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11

4 - OPINION AND ORDER

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir.

2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc.*

6 - OPINION AND ORDER

*Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her January 2, 2006, alleged onset date.  Tr. 15.

7 - OPINION AND ORDER

At Step Two the ALJ found Plaintiff has the severe impairments of fibromyalgia, migraines, bipolar disorder, depression, personality disorder, somatoform disorder, generalized anxiety disorder, post-traumatic stress disorder (PTSD), "minimal spondylosis of the cervical spine, and status post femur fracture." Tr. 15. The ALJ found Plaintiff's impairments of scoliosis, osteoporosis, chronic pain syndrome, left hip degenerative joint disease, "underweight emphysema," gastroesophageal reflux disease (GERD), "reflex sympathetic dystrophy of the upper limb, and mild peripheral neuropathy" not to be severe. Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 16. The ALJ found Plaintiff has the RFC to perform medium work and can frequently climb ramps, stairs, ladders, ropes, and scaffolds; balance; stoop; kneel; crouch; and crawl. Tr. 17. The ALJ also found Plaintiff "should avoid concentrated exposure to irritants such as fumes, dusts, gases, and poorly ventilated areas." Tr. 17. The ALJ also found Plaintiff can understand and carry out simple instructions "in an environment with few, if any, workplace changes." Tr. 17. The ALJ found Plaintiff should not have any interaction with the public, "little to no collaboration with coworkers," and "occasional

8 - OPINION AND ORDER

interaction with supervisors." Tr. 17.

At Step Four the ALJ concluded Plaintiff is not capable of performing her past relevant work as a teacher. Tr. 25.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy. Tr. 25. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred (1) at Step Three when she improperly assessed Plaintiff's RFC and (2) at Step Five when she improperly found Plaintiff could perform other work in the national economy.

### I. The ALJ did not err at Step Three.

As noted, at Step Three the ALJ found Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments. Plaintiff contends the ALJ erred when she failed to address portions of the record in which Plaintiff was found to have persistent difficulty with focusing and staying on topic. Plaintiff concedes the ALJ found at Step Three that Plaintiff has moderate limitations in concentration, persistence, and pace, but asserts the ALJ failed to include sufficient limitations in her RFC. Specifically, Plaintiff asserts the ALJ erred when she failed to include in Plaintiff's RFC the inability to stay on task at least ten percent of the time.

9 - OPINION AND ORDER

The record, however, does not contain any diagnosis by any physician or medical professional that Plaintiff cannot stay on task at least ten percent of the time. The ALJ, rather, noted several different treating physicians found Plaintiff's accounts of her symptoms to be untrustworthy. For example, in June 2013 David Powley, D.O., treating physician, noted his "biggest concern" with Plaintiff was

> pretty obvious drug seeking behavior. . . . As I spent more time with [Plaintiff] my discomfort level with her increase[d], and I made the decision . . . that I would not prescribe any scheduled [sic] 2 medications without first having at least a consultation with chronic pain management.

Tr. 809. Similarly on April 3, 2013, Christine Wilson, P.A., noted she would not prescribe "any further for this patient and she should see her PCP and likely get a pain contract. I am concerned she may be doing some provider hopping so this clinic needs to be aware of this possibility." Tr. 749. On August 18, 2011, Plaintiff reported to the emergency room (ER) with various complaints of pain. The ER doctor noted Plaintiff had "multiple recent narcotic RX by multiple providers." Tr. 609. On August 26, 2011, Plaintiff again reported to the ER complaining of pain and the doctor noted Plaintiff was "very histrionic and has very positive ros without clinical findings. . . . Story changes at times." Tr. 581. The doctor concluded

> Very difficult pt wants more pain meds, already on dilaudid pills that she states makes her stomach

10 - OPINION AND ORDER

> feel bad. Wants fentanyl patch but her pain management MD Dr. Magimby said no she could not have that many rechecks. Always has new source problem when told that lab or imaging is normal for that area.

Tr. 584. Treating physician Athanasios Magimbi, M.D., noted in May 2011 that he would not prescribe any more pain medication for Plaintiff because she was obtaining pain medication from multiple providers. Tr. 685. In August 2011, Dr. Magimbi noted Plaintiff was not compliant with her pain medications and was taking more than she was prescribed. Tr. 686. Finally, Dr. Magimbi noted in September 2011 that Plaintiff was moving from California to Oregon but "it is not possible to trust her with significant amounts of medication because of her mental status." Tr. 688.

Plaintiff also asserts she should have been limited beyond her restriction to light work. The ALJ, however, noted Plaintiff's treating physician Laura Moire, M.D., stated in March 2013 that Plaintiff did not have any musculoskeletal problems except for generalized joint stiffness and alleged occasional difficulty standing up. Tr. 21, 750. In March 2013 Plaintiff's treating physician Tamara Shafer, M.D., noted Plaintiff "ambulates well on her own but is carrying a cane today. Strength is 5/5 in all four extremities. . . . She is carrying a heavy bag (besides her purse) with her right arm." Tr. 800. In April 2013, Plaintiff reported to treating physician Clare Brien with complaints of neck pain. Tr. 805. Dr. Brien noted

11 - OPINION AND ORDER

Plaintiff had a full range of motion in her neck in all directions. Tr. 806.

On this record the Court concludes the ALJ did not err at Step Three because she provided legally sufficient reasons supported by substantial evidence on the record to support her findings.

**II.   The ALJ did not err at Step Five.**

Plaintiff alleges the ALJ erred at Step Five when she did not include a Plaintiff's inability to remain on task at least ten percent of the time in her hypothetical to the VE.

The Court, however, has found the ALJ did not err at Step Three when she did not include a limitation based on Plaintiff's allege inability to remain on task ten percent of the time. The Court, therefore, concludes the ALJ did not err at Step Five she did not include that limitation in a hypothetical to the VE.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 10th day of August, 2015.

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER